**W. G. Fortner, Plaintiff, v. W. Joe Hill, Circuit Judge, Defendant.**

Opinion filed November 19, 1943.

JULIUS REZNIK, of Chicago, for plaintiff.

CONGER & ELLIOTT, of Carmi, for defendant.

MR. JUSTICE STONE delivered the opinion of the court.

This is a petition for the writ of mandamus in aid of a certain appeal now pending in this court wherein W. G. Fortner is appellant, and George Hynds, trustee, is appellee. The petition is directed against respondent, Hon. W. JOE HILL, one of the circuit judges of the State of Illinois within and for the second judicial circuit thereof. It seeks to have this court direct and compel by mandamus said respondent to sign a certain purported "Proceedings at the Trial" in the appeal above referred to.

This case was before us once before (319 Ill. App. 521). The opinion in the former case recites all of the facts pertaining to this litigation and which we think are pertinent to the matter now before us.

The appeal was taken from a judgment rendered against appellant on January 31, 1941, and the record thereof was filed in this court on June 12, 1941. It will appear from said opinion that this court was most generous in extending the time of appellant in which to perfect his appeal; that it extended it from time to time, and finally without limit. It also shows not only that this court assisted appellant in this way, but that the trial court made available to appellant all proceedings which were necessary for the purpose of constructing and presenting a proper and legal "Proceedings at the Trial" in said cause. Notwithstanding that, the so-called "Proceedings at the Trial" were not presented to the trial court until October 13, 1941. When it was presented to the trial court the trial court refused to sign it, stating different reasons therefor, one of which was that the so-called "Proceedings at the Trial" contained the original exhibits used at the trial, and that it did not have the approval of the court, nor a stipulation of counsel that such original exhibits

might be incorporated in the said proceedings. In said opinion we approved the trial court's actions in that behalf. Petitioner then waited until May 15, 1942, and although he was well aware of the objection of the trial court to the said "Proceedings at the Trial" he again presented to the court not a corrected "Proceedings at the Trial," but the same one, which he had theretofore presented on October 13, 1941. A full hearing was had at that time and the court again refused to sign said "Proceedings at the Trial" for the reasons stated on the first presentation. It was thereafter that petitioner presented his first petition for mandamus, which was disposed of in the opinion referred to. In said opinion we said: "The record in the case, we feel, well substantiates the claim urged by respondent that petitioner has been grossly dilatory and negligent in his methods of delay, which amount to laches. Without any plausible reason, he delayed action in the matter from October until May. It is not the duty of the trial court nor of the opposing counsel to make copies of exhibits and insert them in a transcript in place of the originals so that there may be constituted a legal and proper report of proceedings. After specific objections were made to petitioner's faulty transcript, he did nothing about it for seven months. This delay appears most unreasonable and inexcusable, especially when we consider that during this lapse of time, the judgment entered by the trial court against petitioner remains uncollected and the questions lodged against its validity undetermined." This opinion was filed June 1, 1943. On June 25, 1943, petitioner presented the present petition. It sets up most of the facts of the former petition, but shows that said "Proceedings at the Trial" were corrected by placing copies of the exhibits in said proceedings instead of the originals. The petition was answered by respondent, setting up most if not all of the objections to the former petition, and in addition thereto alleging that the said petitioner

has been guilty of laches and has used respondent and the Appellate Court as a means to circumvent the plain provisions of the statute in regard to appeals, his delay being grossly dilatory and negligent. A motion was made by petitioner to strike said answer. This motion is denied.

Plaintiff knows as a matter of fact, and by his attempted correction of the said proceedings affirms that he knows, that it was not proper to incorporate the original exhibits in the "Proceedings at the Trial" without an order of court or consent of counsel. What he knows now he is presumed to have known in the first instance. We have not changed our mind on our holding that the petitioner has been guilty of laches in the conduct of preparing said "Proceedings at the Trial." Courts cannot lend themselves to the prolongation of litigation of this character. It is against public policy. There is no good reason why a proper "Proceedings at the Trial" should not have been presented in the first instance. The court ruled correctly when he refused to sign the so-called "Proceedings at the Trial" in the first two instances, and we think he acted correctly in refusing to sign the one which is now before the court.

The petition for the writ of mandamus is denied.

*Writ denied.*